Dear Representative Arnold:
Your request for an Attorney General's Opinion regarding the additional millages for fire and police protection authorized in La.Const. art. VI, § 26(E) has been assigned to me for research and reply.
Under La.Const. Art. VI, § 26(A), the governing authority of Orleans Parish may annually levy an ad valorem tax for general purposes, not to exceed seven mills on the dollar of assessed valuation. La.Const. Art. VI, § 26(E), which was effected November 8, 1990, allows that authority to levy additional millages, not to exceed five mills on the dollar of assessed valuation, for both fire and police protection purposes, provided that the additional revenues generated by those millages shall not displace, replace, or supplant funding by the city of New Orleans for fire and police protection.
You first ask whether the third and fourth sentences of La.Const. Art. VI, § 26(E) should be interpreted to mean that the post-1990 revenue increases for the New Orleans Fire and Police Departments have created a new base that must be maintained in order for the Parish to continue levying the additional millages allowed by that section. Those sentences provide that:
 . . . the additional revenues generated by these fire and police millages shall not displace, replace, or supplant funding by the city of New Orleans for fire and police protection for calendar year 1990 nor shall the level of funding for such purposes by the city for that calendar year be decreased below such level in any calendar year hereafter. In the event of either of the above, the authorization for such fire and police millages herein shall be null, void, and of no effect. [Emphasis added.]
Under the second part of the third sentence, taken by itself, if the level of funding for fire or police protection by the city of New Orleans falls below 1990 levels, the additional fire *Page 2 
or police millages, as the case may be, cannot be levied. [Emphasis added.] However, the fifth and sixth sentences of La.Const. Art. VI, § 26(E), provides as follows:
 This provision shall mean that no appropriation for any calendar year from such additional revenues shall be made for any purpose for which a city appropriation was made in the previous year unless the total appropriations for that calendar year from the city for such purpose exceed city appropriations for the previous year. This provision shall in no way limit city appropriations in excess of the minimum amounts herein established.
Considering the forgoing provision, it is the opinion of this office that the governing authority of Orleans Parish cannot appropriate funds from the additional millages authorized by La.Const. art. VI, § 26(E) unless the total appropriations for fire and police protection purposes, respectively, exceed the total appropriations made for such respective purposes in the previous year.
For example, assuming the City of New Orleans appropriated $1.00 for fire protection services in year 1, it could not appropriate any of the proceeds from the additional five-mill tax for fire protection in year 2 unless the appropriation for fire protection in that year is $1.01 or greater. Assuming the City of New Orleans previously appropriated $1.01 for fire protection services in year 2, it could not appropriate any of the proceeds from the additional five-mill tax for fire protection in year 3 unless the appropriation for fire protection in that year is $1.02 or greater.
Thus, you are correct in your analysis that the post-1990 revenue increases for the New Orleans Fire and Police Departments have created a new base that must be maintained in order for the Parish to continue levying the additional millages allowed by that section. The fourth sentence of La.Const. Art. VI, § 26(E) specifically provides that, if the base is not maintained, "the authorization for such fire and police millages herein shall be null, void, and of no effect."
You next indicate that the city of New Orleans appropriates funds for fire and police protection from various funds. You ask whether all of those sources should be included in determining the amount of total appropriations for fire and police protection purposes in particular year.
We believe that, under La.Const. Art. VI, § 26(E), total appropriations for fire and police protection purposes in particular year include monies from all sources other than the ad valorem taxes authorized by that section. *Page 3 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II